TONY WEST
Assistant Attorney General
ELIZABETH SHAPIRO
Deputy Branch Director
JOEL McELVAIN, State Bar No. 257736
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone:   (415) 436-6645
Fax:             (415) 436-6632
Email:          Joel.McElvain@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | |
| Plaintiff, | Case No. 4:09-cv-03351-SBA |
| v. | **Answer** |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | Case Management Conference Set for Oct. 29, 2009 at 3:00 p.m. |
| Defendants. | |

The defendants – the Central Intelligence Agency ("CIA"); the Department of Homeland Security ("DHS"); the Department of Defense ("DOD"); the National Security Agency ("NSA"); the Department of Justice ("DOJ"); the Office of the Director of National Intelligence ("ODNI"); the Department of Energy ("DOE"); and the Department of State ("DOS") – through the undersigned counsel, hereby answer the complaint of the plaintiff, the Electronic Frontier Foundation.

**First Affirmative Defense**

The complaint purports to impose obligations upon the defendants that exceed those imposed by the Freedom of Information Act ("FOIA").

## Second Affirmative Defense

The plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, or to compel the production of records that are not subject to FOIA.

## Third Affirmative Defense

This Court lacks subject-matter jurisdiction over all or part of the complaint.

## Fourth Affirmative Defense

The plaintiff has failed to exhaust its administrative remedies.

## Fifth Affirmative Defense

The plaintiff seeks to compel a response to one or more FOIA requests that the defendant agencies have not received.

## Sixth Affirmative Defense

The plaintiff's claims are barred in whole or in part by issue preclusion.

## Seventh Affirmative Defense

The plaintiff's claims are barred in whole or in part by accord and satisfaction.

## Eighth Affirmative Defense

Answering the numbered paragraphs of the plaintiff's complaint, the defendants respond as follows:

1. This paragraph contains only a characterization of the complaint, which speaks for itself, and to which no response is required.

2. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

3. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

4. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

5. The defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Deny the first sentence, except to admit that the Intelligence Oversight Board ("IOB") performs oversight of the Executive Branch's intelligence activities. Deny the second sentence, except to admit that the IOB is part of the President's Intelligence Advisory Board (formerly the President's Foreign Intelligence Advisory Board), and to separately aver that the IOB was created by Executive Order 11,905 on February 18, 1976.

15. Admit the first sentence. The remainder of the paragraph contains only conclusions of law and not averments of fact to which a response would be required.

16. This paragraph contains only a characterization of Executive Order 12,863, which speaks for itself, and to which no response is required.

17. This paragraph contains only a characterization of Executive Order 12,333, Executive Order 12,863, and Executive Order 13,462, which speak for themselves, and to which no response is required.

18. This paragraph contains only a characterization of Executive Order 13,462, which speaks for itself, and to which no response is required.

19. Deny the first sentence, except to admit that, on February 25, 2008, the CIA, DHS's components the Office of the Inspector General ("OIG") and the Office of General Counsel ("OGC"), DOD, the Defense Intelligence Agency ("DIA"), NSA, the Federal Bureau of Investigation ("FBI"), ODNI, and DOE received letters via fax from the plaintiff, and to separately aver that, on June 19, 2009, DOS received a letter via fax from the plaintiff that purported to be dated February 25, 2008, but that DOS lacks any record of prior receipt of that letter. The second sentence contains only a characterization of these letters, which speak for themselves, and to which no response is required.

20. Deny the first sentence. Deny the second sentence, except to admit that a representative of the plaintiff called the CIA's FOIA Requester Service Center on June 18, 2009, and inquired into the status of the request.

21. Admit the first and second sentences. Deny the third sentence, except to admit that, on April 30, 2009, DHS issued its final response to the February 25, 2008 request, producing 46 pages of responsive documents (35 of which were partially redacted) and withholding 10 pages. Admit the fourth and fifth sentences.

22. Deny the first sentence. Deny the second sentence, except to admit that a representative of the plaintiff called DOD's FOIA Requester Service Center on June 18, 2009, and inquired into the status of the request.

23. Admit the first sentence. Deny the second sentence, except to admit that NSA produced 235 pages of records to the plaintiff, that the records produced dated through the first quarter of fiscal year 2006, and that a portion of those records were redacted. The third and fourth sentences contain only characterizations of the letter of June 8, 2009, which speaks for itself, and to which no response is required. Admit the fifth sentence. Deny the sixth sentence.

24. Admit.

25. Deny the first sentence, except to admit that FBI acknowledged receipt of the plaintiff's February 25, 2008 request by letter dated March 21, 2008, and indicated that it was searching for responsive documents. The defendants lack sufficient information to admit or deny the allegations of the second sentence.

26. Deny the first sentence. Deny the second sentence, except to admit that a representative of the plaintiff called ODNI's FOIA Requester Service Center on June 18, 2009, and inquired into the status of the request.

27. Deny the first sentence, except to admit that DOE responded in full to the plaintiff's February 25, 2008 request by letters of December 12, 2008 and January 12, 2009, and that DOE released several hundred pages of records without redaction. Admit the second sentence.

28. Deny the first sentence. Deny the second sentence, and separately aver that DOS received a letter from the plaintiff via fax on June 19, 2009 that purported to be dated February 25, 2008, but that DOS lacks any record of prior receipt of that letter. The defendants lack sufficient information to admit or deny the allegations of the third sentence, except to admit that the plaintiff sent an email to DOS's FOIA Requester Service Center on June 18, 2009; the defendants respectfully refer the Court to that email for a complete and accurate statement of its contents. The defendants lack sufficient information to admit or deny the allegations of the fourth sentence, except to admit that DOS sent an email to the plaintiff on June 22, 2009; the defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

29. Deny the first sentence, except to admit that the Office of Information Policy ("OIP"), a component of DOJ, received on behalf of the Office of the Attorney General ("OAG") a letter via fax from the plaintiff dated February 13, 2009. The second sentence contains only a characterization of the letter, which speaks for itself, and to which no response is required.

30. Deny.

31. Deny the first sentence, except to admit that, on June 19, 2009, the CIA, DHS's component OIG, DOD, DIA, NSA, FBI, OIP (which received the letter on behalf of OAG), ODNI, DOE, and DOS received letters via fax from the plaintiff, and to separately aver that DHS's component OGC lacks a record of receipt of any letter of that date from the plaintiff. The second sentence contains only a characterization of these letters, which speak for themselves, and to which no response is required.

32. Admit.

33. The first sentence of this paragraph contains only conclusions of law and not averments of fact to which a response would be required. Deny the second sentence, except to aver that DHS's component OGC lacks a record of receipt of any letter dated June 19, 2009 from the plaintiff, and to admit that, with respect to the remaining FOIA requests at issue in this complaint, more than 20 working days have passed since the defendants received those requests.

34. The first sentence of this paragraph contains only conclusions of law and not averments of fact to which a response would be required. Admit the second sentence.

35. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

36. Deny.

37. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

38. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

39. The defendants hereby incorporate by reference their responses to the allegations contained in paragraphs 1 through 38 of the complaint as if fully set forth herein.

40. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

41. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

42. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

43. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

44. This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

The defendants specifically deny all allegations in the complaint not otherwise answered herein. In addition, the defendants deny that the plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

1    WHEREFORE, the defendants request that the plaintiff's prayer for relief be
2 denied, that this action be dismissed, and that the defendants be awarded their costs and
3 such other relief as may be appropriate.

4 Dated: August 28, 2009                    Respectfully submitted,

5                                           TONY WEST
                                            Assistant Attorney General
6
                                            ELIZABETH SHAPIRO
7                                           Deputy Branch Director

8
9                                             /s/ Joel McElvain
                                            JOEL McELVAIN
10                                          Senior Counsel
                                            United States Department of Justice
11                                          Civil Division, Federal Programs Branch
                                            450 Golden Gate Ave., Room 7-5395
12                                          San Francisco, CA 94102
                                            Telephone:   (415) 436-6645
13                                          Fax:         (415) 436-6632
                                            Email:       Joel.McElvain@usdoj.gov
14
                                            Attorneys for the Plaintiff

- 8 -

*Electronic Frontier Found. v. CIA*
Case No. 09-cv-03351-SBA
Answer

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I electronically filed the foregoing Answer with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

    /s/ Joel McElvain  
JOEL McELVAIN