Nathan D. Cardozo, State Bar No. 259097
*nate@eff.org*
Marcia Hofmann, State Bar No. 250087
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel (*pro hac vice*)
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff
Electronic Frontier Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY, ET AL.,<br><br>Defendants. | Case No. 4:09-CV-03351-SBA<br><br>NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: November 3, 2009<br>Time: 1:00 p.m.<br>Courtroom: 1, 4th Floor |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

SUMMARY OF ARGUMENT ........ v

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 1

A. Defendants' Reports to the Intelligence Oversight Board ........ 1

B. EFF's February 25, 2008 Freedom of Information Act Requests ........ 3

C. EFF's February 13, 2009 Freedom of Information Act Request ........ 4

D. EFF's June 19, 2009 Freedom of Information Act Requests ........ 5

III. ARGUMENT ........ 6

A. The Freedom of Information Act and the Summary Judgment Standard ........ 6

B. EFF is Entitled to Partial Summary Judgment Because Defendants Have No Legal Basis to Further Delay Processing EFF's FOIA Requests ........ 7

1. The FOIA requires that an agency respond to records requests and appeals within twenty working days. ........ 7

2. Defendant agencies are in violation of the FOIA ........ 8

3. EFF has exhausted the applicable administrative remedies ........ 10

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)........ 6

*Dep't of Air Force v. Rose*, 425 U.S. 352 (1976)........ 6

*Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989)........ 6

*Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105 (D.D.C. 2005)........ 8

*Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285 (9th Cir. 1987)........ 6

*Elec. Frontier Found. v. Office of the Dir. of Nat. Intelligence*, 542 F. Supp. 2d 1181 (N.D. Cal. 2008)........ 7

*Elec. Privacy Info. Center v. Dep't of Justice*, 416 F. Supp. 2d 30 (D.D.C. 2006)........ 9

*Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976)........ 9

*Gerstein v. Central Intelligence Agency*, No. C-06-4643 MMC, 2006 WL 3462659 (N.D. Cal. 2006)........ 9

*Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184 (N.D. Cal. 1998)........ 9

*Laroche v. SEC*, No. 05-4760 CW, 2006 U.S. Dist. LEXIS 75415, 2006 WL 2868972 (N.D. Cal. Oct. 6, 2006)........ 6

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978.)........ 6

*Oglesby v. U.S. Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990)........ 10

*Open America v. Watergate Special Prosecution Force*, 547 F. 2d 605 (D.C. Cir. 1976)........ 6

**Statutes**

5 U.S.C. § 552(a)(3)(A)(ii)........ 7

5 U.S.C. § 552(a)(4)(B)........ 8

5 U.S.C. § 552(a)(4)(C)........ 7

5 U.S.C. § 552(a)(6)(A)(ii)........ 7

5 U.S.C. § 552(a)(6)(B)........ 8, 9

5 U.S.C. § 552(a)(6)(B)(i)........ 7

5 U.S.C. § 552(a)(6)(C)........ 9

5 U.S.C. § 552(a)(6)(C)(i)........ 7, 10

50 U.S.C. § 401a(4)........ 2

50 U.S.C. § 552(a)(6)(A)(i) ..... 7

Fed. R. Civ. P. 12(a)(2) ..... 7

Fed. R. Civ. P. 56(c) ..... 6

H.R. REP. NO. 93-876 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6267 ..... 7, 8

**Other Authorities**

*President's Intelligence Advisory Board*, http://www.whitehouse.gov/administration/eop/piab/ (last visited September 18, 2009) ..... 1

**NOTICE**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2009, or as soon thereafter as the matter may be heard in Courtroom 1 on the 4th Floor of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, plaintiff Electronic Frontier Foundation ("EFF") will, and hereby does, move for partial summary judgment to compel timely processing of Freedom of Information Act ("FOIA") requests submitted to the defendants.

Pursuant to Federal Rule of Civil Procedure 56, EFF seeks a court order requiring the Central Intelligence Agency, Department of Defense, National Security Agency, Department of Justice and the Office of the Director of National Intelligence to process records under the FOIA. EFF respectfully asks that this Court issue an order requiring the government to complete the processing of the requested records without further delay, as required by law. This motion is based on this notice of motion, the memorandum of points and authorities in support of this motion, the declaration of Nathan Cardozo in support of this motion, and all papers and records on file with the Clerk or which may be submitted prior to or at the time of the hearing, and any further evidence which may be offered.

## SUMMARY OF ARGUMENT

Plaintiff is entitled to partial summary judgment on the issue of the timely processing of its Freedom of Information Act ("FOIA") requests. The FOIA creates a mechanism that the public can use to seek disclosure of official records and thereby hold their government accountable. The defendants against whom EFF now moves have failed to comply with the statutory time limits set forth in the law. EFF seeks an order requiring those defendants to finish processing EFF's FOIA requests.

Summary judgment is appropriate where no genuine issue of material fact remains. It is beyond dispute that the defendants against whom EFF moves have not complied with the timing requirements of the FOIA.

The FOIA gives an agency twenty working days after it receives a request to determine whether to comply with that request. In "unusual circumstances" the agency may notify the requestor that it will require ten additional working days, for a total of thirty, to process a FOIA request. Congress intended that agencies adhere to those limits and gave the courts jurisdiction to compel delinquent agencies to produce requested documents.

There is no genuine issue of material fact in dispute on the issue of whether the defendants against whom EFF now moves have complied with the timing requirements of the FOIA; they admit that they have not. EFF has exhausted the administrative remedies available to it and this case is now ripe for the Court order these defendants to process EFF's FOIA requests.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Electronic Frontier Foundation ("EFF") respectfully submits this memorandum of points and authorities in support of its motion for partial summary judgment to compel the timely processing of several Freedom of Information Act ("FOIA") requests submitted to defendants Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), National Security Agency ("NSA"), Department of Justice ("DOJ") and Office of the Director of National Intelligence ("ODNI"). Plaintiff seeks an order directing the defendant agencies to process the requests in a timely manner, as the statute requires.

## II. STATEMENT OF FACTS

This case arises from the defendants' handling of twenty-one FOIA requests submitted by plaintiff seeking disclosure of agency records relating to the agencies' reports to the Intelligence Oversight Board ("IOB"), an Executive Branch body that oversees intelligence matters. Plaintiff moves here for partial summary judgment on the issue of timing against defendants CIA, DOD, NSA, DOJ and ODNI.[1] Of the defendants against whom EFF now moves, only the NSA has processed any of plaintiff's requests, and several defendants have failed even to acknowledge receipt of requests submitted as long as eighteen months ago.

### A. Defendants' Reports to the Intelligence Oversight Board

Established by President Ford in 1976, the Intelligence Oversight Board is part of the President's Intelligence Advisory Board, a body that "exists exclusively to assist the President by providing the President with an independent source of advice on the effectiveness with which the Intelligence Community is meeting the nation's intelligence needs." *President's Intelligence Advisory Board*, http://www.whitehouse.gov/administration/eop/piab/ (last visited September 18, 2009). The IOB's role is to coordinate the Executive Branch's intelligence oversight activities and ensure the Intelligence Community's compliance with the Constitution and all applicable laws. *See*

---

[1] EFF and defendants Department of Homeland Security, Department of Energy and Department of State have stipulated to a processing schedule. Therefore EFF does not move for partial summary judgment on the issue of timing against those defendants.

50 U.S.C. § 401a(4) (defining the "Intelligence Community," a group that includes each of the defendants); Executive Order 12334, Sec. 2(a) (providing that the IOB "[i]nform the President of intelligence activities that any member of the Board believes are in violation of the Constitution or laws of the United States, Executive orders, or Presidential directives").

From September 13, 1993 through February 29, 2008, Executive Order 12863 determined the responsibilities of the intelligence agencies reporting to the IOB. Section 2.4 of that Order provided, in pertinent part:

> Inspectors General and General Counsel of the Intelligence Community, to the extent permitted by law, shall report to the IOB at least on a quarterly basis and from time to time as necessary or appropriate, concerning intelligence activities that they have reason to believe may be unlawful or contrary to Executive order or Presidential directive.

On February 29, 2008, Executive Order 13462 replaced Executive Order 12863 and significantly modified the intelligence oversight role of the IOB. The heads of departments and agencies with components in the Intelligence Community are still required to "[r]eport to the Intelligence Oversight Board [and the Director of National Intelligence] concerning any intelligence activities of their organizations that they have reason to believe may be unlawful or contrary to Executive order or Presidential directive," although the reports are no longer required to be submitted quarterly. Executive Order 12333, Sec. 1.7(d), as referenced by Executive Order 13462, Sec. 7(a)(i).

Executive Order 13462 also strengthened the intelligence oversight role of the Director of National Intelligence ("DNI"), an office that was established in 2004 to serve as the principal advisor to the President on intelligence matters and coordinate the activities of the Intelligence Community. In its expanded role, the DNI issues guidelines to agencies concerning which activities must be reported to the IOB, reviews and summarizes agency reports to the IOB, forwards information in those reports to the Attorney General to the extent that such activities involve possible violations of Federal criminal laws, and works with the intelligence agencies concerned to ensure that corrective action is taken. Executive Order 13462, Sec. 7.

**B. EFF's February 25, 2008 Freedom of Information Act Requests**

On February 25, 2008, EFF faxed letters pursuant to the FOIA to the CIA, DOD, DOD's component the Defense Intelligence Agency, NSA, DOJ's component the Federal Bureau of Investigation ("FBI") and ODNI. (Declaration of Nathan Cardozo (hereinafter "Cardozo Decl.") Exhibits 1-6.) The letters, which conformed to each agency's requirements for submission of FOIA requests, sought disclosure of all reports submitted by each defendant to the IOB pursuant to Section 2.4 of Executive Order 12863 from January 1, 2001 through February 25, 2008.

Defendant CIA acknowledged receipt of EFF's February 25, 2008 request by letter dated June 23, 2009. (Cardozo Decl. Ex. 7.) CIA indicated that it is "unable to estimate when [its] review will be completed."

Defendant NSA made an interim response to EFF's February 25, 2008 request by letter dated June 8, 2009. (Cardozo Decl. Ex. 8.) Defendant NSA produced 235 heavily redacted pages of reports from the NSA to the IOB through the first quarter of fiscal year 2006. NSA indicated that it was still processing the remaining IOB reports and that the partial release could be construed as a partial denial. NSA did not indicate when it would finish processing EFF's request.

On June 19, 2009, EFF appealed NSA's partial denial of the February 25, 2008 request. (Cardozo Decl. Ex. 9.) By letter dated June 26, 2009, the NSA acknowledged receiving EFF's June 19, 2009 appeal and indicated that it "will be unable to provide [EFF] a timely response." (Cardozo Decl. Ex. 10.)

EFF has received no response from Defendant DOD regarding the February 25, 2008 request. On June 18, 2009, EFF called DOD's FOIA Requester Service Center to check the status of the request and to date has received no response. (Cardozo Decl. ¶ 13.) On August 28, 2009, in response to this lawsuit, Defendant DOD admitted that it received EFF's February 25, 2008 request. (Defendant's Answer to Plaintiff EFF's Complaint (hereinafter "Answer") ¶ 19.)

EFF has received no response from Defendant DOD's component Defense Intelligence Agency regarding the February 25, 2008 request. On June 18, 2009, EFF called the component's FOIA Requester Service Center to check the status of the request and was told that the request was

being processed. (Cardozo Decl. ¶ 14.) The Defense Intelligence Agency did not indicate when it would finish processing EFF's request. On August 28, 2009, in response to this lawsuit, Defendant DOD admitted that the Defense Intelligence Agency received EFF's February 25, 2008 request. (Answer ¶ 19.)

Defendant DOJ's component FBI acknowledged receipt of EFF's February 25, 2008 request by letter dated December 8, 2008 and indicated that it was searching for responsive records. (Cardozo Decl. Ex. 11.) On June 18, 2009, EFF called the FBI's FOIA Requester Service Center to check the status of the request and to date has received no response. (Cardozo Decl. ¶ 16.)

Defendant ODNI acknowledged receipt of EFF's February 25, 2008 request by letter dated August 13, 2009 and indicated that EFF's request is being processed. (Cardozo Decl. Ex. 12.) ODNI did not indicate when processing would be complete.

To date, none of the defendants against whom EFF now moves, other than NSA, has notified EFF of its interim or final determination whether to comply with EFF's February 25, 2008 requests.

**C. <u>EFF's February 13, 2009 Freedom of Information Act Request</u>**

On February 13, 2009, EFF faxed a letter pursuant to the FOIA to Defendant DOJ's component Office of the Attorney General. The letter requested disclosure of all reports submitted to the Attorney General from the IOB from January 1, 2007 to February 13, 2009, as well as records documenting any action or response to such reports by the Attorney General or other Justice Department officials. (Cardozo Decl. Ex. 13.)

The Office of the Attorney General acknowledged receiving EFF's February 13, 2009 request by letter dated March 5, 2009. (Cardozo Decl. Ex. 14.) The letter indicated that the office would be "unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by statute." The letter did not indicate when processing would be complete.

To date, the Office of the Attorney General has not notified EFF of its determination whether to comply with EFF's February 13, 2009 request. (Cardozo Decl. ¶ 20.)

**D. EFF's June 19, 2009 Freedom of Information Act Requests**

On June 19, 2009 EFF faxed letters pursuant to the FOIA to the CIA, DOD, DOD's component the Defense Intelligence Agency, NSA, DOJ's components the FBI and Office of the Attorney General, and ODNI. The letters requested disclosure of records created by each agency in connection with the reports submitted to the IOB and DNI pursuant to Executive Orders 12863 and 13462 from February 25, 2008 through June 19, 2009. (Cardozo Decl. Exs. 15-21.)

The FBI acknowledged receipt of EFF's June 19, 2009 request by letter dated June 23, 2009. (Cardozo Decl. Ex. 22.) The FBI did not indicate when processing would be complete.

Defendant DOD acknowledged receipt of EFF's June 19, 2009 request by letter dated July 3, 2009. (Cardozo Decl. Ex. 23.) DOD stated that due to "unusual circumstances" it would not be able to process EFF's request within the twenty-day statutory period, but did not indicate when processing would be complete.

The Defense Intelligence Agency acknowledged receipt of EFF's June 19, 2009 request by letter dated July 29, 2009. (Cardozo Decl. Ex. 24.) The office did not indicate when processing would be complete.

Defendant ODNI acknowledged receipt of EFF's June 19, 2009 request by letter dated June 29, 2009. (Cardozo Decl. Ex. 25.) ODNI did not indicate when processing would be complete.

The Office of the Attorney General acknowledged receipt of EFF's June 19, 2009 request by letter dated July 29, 2009. (Cardozo Decl. Ex. 26.) The letter indicated that the office would be "unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by statute." The office did not indicate when processing would be complete.

Defendants CIA and NSA have not responded to EFF's June 19, 2009 requests, but have admitted that they received the requests. (Answer ¶ 31.)

To date, none of the defendants against whom EFF now moves has notified EFF of its determination whether to comply with EFF's June 19, 2009 requests. (Cardozo Decl. ¶ 33.)

## III. ARGUMENT

Plaintiff moves for partial summary judgment on the issue of the timing of defendants' responses to Plaintiff's FOIA requests, a subject not in serious dispute.[2] To date, none of the defendants against whom EFF now moves has completed the processing of any of EFF's requests. EFF seeks an order requiring those defendants to finish processing EFF's FOIA requests in a timely manner, as the law requires.

### A. <u>The Freedom of Information Act and the Summary Judgment Standard</u>

The Freedom of Information Act is intended to safeguard the American public's right to know "what their Government is up to." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). The central purpose of the statute is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978.) "[D]isclosure, not secrecy, is the dominant objective of the [FOIA]." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The Supreme Court has stated that "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within [the] statutory purpose." *Reporters Comm.*, 489 U.S. at 773.

"Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law." *Laroche v. SEC*, No. 05-4760 CW, 2006 U.S. Dist. LEXIS 75415, 2006 WL 2868972, at *1 (N.D. Cal. Oct. 6, 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); *see also* Fed. R. Civ. P. 56(c); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

To prevail on this motion, EFF need only show that there is no genuine issue of material fact as to whether defendants against whom EFF now moves have notified EFF of their

---

[2] EFF seeks partial summary judgment because judicial resolution of the timing issue will not resolve all issues raised in the complaint. Once the question of processing time is resolved, the Court will retain jurisdiction to review the completeness and propriety of the defendants' substantive determination of EFF's FOIA requests. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

determinations whether to comply with EFF's FOIA requests and completed processing within the time limits required by law.[3] It is beyond dispute that these defendants have fallen far short of their legal obligation.

### B. EFF is Entitled to Partial Summary Judgment Because Defendants Have No Legal Basis to Further Delay Processing EFF's FOIA Requests

#### 1. The FOIA requires that an agency respond to records requests and appeals within twenty working days.

The FOIA does not permit agencies to use bureaucratic delays to postpone the disclosure of records. The statute is clear that, upon receiving a records request, an agency "shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A)(ii). Specifically, the law gives the agency twenty working days to determine whether to comply with a given request and "immediately" notify the requestor of its determination and the reasons therefor. *Id.* at § 552(a)(6)(A)(i); *Elec. Frontier Found. v. Office of the Dir. of Nat. Intelligence*, 542 F. Supp. 2d 1181, 1184 (N.D. Cal. 2008) (There is a "generally applicable twenty-day statutory deadline for processing standard, non-expedited FOIA requests."). Once the agency has made the determination whether to comply, the records responsive to the request "shall be made promptly available" to the requestor. *Id.* at § 552(a)(6)(C)(i). In "unusual circumstances," for instance the need to collect records from field offices, an agency may elect to notify the requestor that it will require up to an additional ten working days to respond to the request, for a total of thirty working days. *Id.* at § 552(a)(6)(B)(i). If a requestor is dissatisfied with the agency response to her request, she may appeal that adverse determination to the head of the agency. *Id.* at § 552(a)(6)(A)(i). The agency must then "make a determination with respect to any appeal within twenty [working days] after the receipt of such appeal." *Id.* at § 552(a)(6)(A)(ii).[4]

---

[3] Once the defendants have completed processing EFF's requests, they will have the burden of proving that any documents or portions of documents they may withhold fall within the exemptions to the FOIA.

[4] The timing of litigation under the FOIA is similarly streamlined, and for the same reason: the "rapid disposition of freedom of information suits." H.R. Rep. No. 93-876, at 5 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6267, 6272. In a standard civil suit, the government has sixty days to answer after being served with the complaint, but agencies have only thirty days to answer under the FOIA. Fed. R. Civ. P. 12(a)(2); 5 U.S.C. § 552(a)(4)(C).

Congress was both clear and deliberate in creating the strict timing requirements of the FOIA: "information is often useful only if it is timely." H.R. REP. NO. 93-876, at 4 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6267, 6271. The legislative history of the law explicitly states that Congress intended "that the affected agencies be required to respond to inquiries and administrative appeals within specific time limits." *Id.* The legislative history of the FOIA is unambiguous—agencies must process FOIA requests and appeals in a timely manner.

There is "a clear and simple remedy for agency non-compliance with the FOIA deadlines: a motion asking the court to compel the agency to act on the FOIA request." *Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005); 5 U.S.C. § 552(a)(4)(B) (A court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."). An order granting EFF partial summary judgment on the issue of timing and ordering defendants CIA, DOD, NSA, DOJ and ODNI to process EFF's requests in a timely manner is therefore authorized by law and fully comports with congressional intent.

2. Defendant agencies are in violation of the FOIA.

There is no genuine issue of material fact in dispute on the issue of the timing of the defendant agencies' responses, or lack thereof, to EFF's FOIA requests. The CIA, DOD, Defense Intelligence Agency, FBI and ODNI have yet to make any determination whether to comply with EFF's February 25, 2008 FOIA requests, now more than eighteen months old. None invoked the "unusual circumstances" specified by 5 U.S.C. § 552(a)(6)(B) for a ten-day extension to reply to the February 25, 2008 FOIA requests. Several defendants, including CIA, DOD, Defense Intelligence Agency and ODNI, failed even to acknowledge receipt of EFF's requests until after the commencement of this suit. With respect to EFF's February 13, 2009 request to Defendant DOJ's component the Office of the Attorney General, now more than seven months old, the office flatly stated in its letter acknowledging receipt of the request that it would not comply with the timing requirements of the FOIA.

Furthermore, none of the defendants has notified EFF whether it will comply with EFF's June 19, 2009 FOIA requests. While Defendant DOD claimed "unusual circumstances" existed to invoke an additional ten working day extension under 5 U.S.C. § 552(a)(6)(B), the agency still failed to respond to EFF's request within the time provided by the FOIA. The Office of the Attorney General, in its letter acknowledging receipt of the June 19, 2009 request, again stated that it would not comply with the timing requirements of the FOIA.

Finally, all defendants against whom EFF now moves admit that more than twenty working days have passed since receiving each request at issue in this suit. (Answer ¶ 33.) The Ninth Circuit has made clear that "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long v. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982); *see also Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) ("[U]nless an agency makes a timely determination that documents should or should not be disclosed, either because they fall within one of the FOIA exemptions or because they are not considered to be agency records, there is no compliance with the FOIA.").

In the limited circumstance in which the government can show "exceptional circumstances" exists, an agency may be allowed "additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C). "Exceptional circumstances" as defined in the statute specifically "does not include a delay that results from a predictable agency workload of requests under [the FOIA], unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. The burden is on the agency to show that "exceptional circumstances" exist sufficient to justify a delayed response. *Exner v. Federal Bureau of Investigation*, 542 F.2d 1121, 1123 (9th Cir. 1976); *Gerstein v. Central Intelligence Agency*, No. C-06-4643 MMC, 2006 WL 3462659, *2-3 (N.D. Cal. 2006), *citing Elec. Privacy Info. Center v. Dep't of Justice*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). The record reflects no exceptional circumstances that might justify the agencies' delay in processing EFF's requests.[5]

[5] In addition to demonstrating that "exceptional circumstances" justify a delay in processing requested records, a recalcitrant agency also bears the burden of demonstrating that it is "exercising due diligence in responding to the request" before a court can even consider whether to "allow the

3. EFF has exhausted the applicable administrative remedies.

The FOIA requires that requestors exhaust the administrative remedies available to them before filing suit to compel compliance with the law. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). EFF has satisfied this requirement here.

"Any person making a request to any agency for records under [the FOIA] shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i). Courts have interpreted this language to "allow[] immediate recourse to the courts to compel the agency's response to a FOIA request" if the agency has failed to respond to the request within the specified time. *Oglesby*, 920 F.2d at 64. Defendants CIA, DOD, NSA, DOJ and ODNI have failed to comply with the time limits specified by the FOIA; EFF has therefore exhausted its administrative remedies for each request.[6] These defendants are in clear violation of the timing requirements of the FOIA and because EFF has exhausted the applicable administrative remedies, the case is ripe for the Court to hear now.

---

agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C); *see also Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

[6] Defendant NSA made an interim response to EFF's February 25, 2008 request, which has been appealed by EFF. NSA admits that EFF's appeal is more than twenty days old. (Answer ¶ 34.) Defendant NSA has therefore failed to comply with the time limits specified by the FOIA and EFF has exhausted its administrative remedies with respect to its appeal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment should be granted.

Dated this 28th day of September, 2009.                Respectfully submitted,

     */s/ Nathan D. Cardozo*
ELECTRONIC FRONTIER FOUNDATION
Nathan D. Cardozo, Esq. (259097)
Marcia Hofmann, Esq. (250087)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel (*pro hac vice*)
1875 Connecticut Ave. NW
Suite 650
Washington, DC 20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff

I declare under penalty of perjury of the laws of the State of California that I met and conferred with Joel McElvain via telephone on September 2, 2009, September 11, 2009, September 15, 2009, September 16, 2009 and September 23, 2009 before filing this motion for partial summary judgment. Executed September 28, 2009 in San Francisco, California.

     */s/ Nathan Cardozo*
Nathan Cardozo