Nathan D. Cardozo, State Bar No. 259097
*nate@eff.org*
Marcia Hofmann, State Bar No. 250087
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

David L. Sobel (*pro hac vice*)
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone:   (202) 797-9009 x104
Facsimile:   (202) 707-9066

Attorneys for Plaintiff
Electronic Frontier Foundation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No.  4:09-CV-03351-SBA |
| Plaintiff, | |
| vs. | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| Defendants. | |
| | Date:        December 1, 2009<br>Time:        1:00 p.m.<br>Courtroom:   1, 4th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendants do not dispute that plaintiff Electronic Frontier Foundation ("EFF") is entitled to the processing of the Freedom of Information Act ("FOIA") requests which form the basis of this lawsuit. However, the government has opposed EFF's motion for partial summary judgment on the issue of timing, arguing that, on top of the twenty months they have they already had, the agencies need between two and four additional months to complete processing EFF's requests. Defendants have failed to make the showing necessary for the Court to permit it such a significant amount of additional time to process plaintiff's FOIA requests. Therefore, this Court should grant EFF's motion for partial summary judgment, and order the defendant agencies to complete the processing of plaintiff's requests by December 15, 2009.

II. **STATEMENT OF ADDITIONAL FACTS**

In their opposition to EFF's motion for partial summary judgment, defendants against whom EFF moved assert that this Court must grant them additional time. Specifically, defendant Department of Justice's component Office of the Attorney General requests until January 15, 2010, Department of Defense and its component the Defense Intelligence Agency request until February 2, 2010, and defendants National Security Agency, Central Intelligence Agency and Office of the Director of National Intelligence request until March 31, 2010 to complete processing of EFF's FOIA requests. Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ("Def. Opp.") at 4-12.

Defendant Department of Justice's component Federal Bureau of Investigation has separately moved this Court for a stay under *Open America* (Dkt. No. 26). Further, EFF and defendants Department of Energy, Department of Homeland Security and Department of State have stipulated to a processing schedule whereby those agencies will complete the processing of EFF's FOIA requests by November 15, 2009 (in the case of the Department of Energy) and December 15, 2009 (in the case of the Department of Homeland Security and Department of State). (Dkt. No. 10.) Therefore, this motion does not address the FOIA requests submitted by EFF to the

Case4:09-cv-03351-SBA   Document29   Filed11/04/09   Page3 of 11


Federal Bureau of Investigation, Department of Energy, Department of Homeland Security or Department of State.

### III. ARGUMENT

The issue raised in this motion is discrete and clear. EFF is seeking records about the intelligence community's reports of possibly illegal activities to the Intelligence Oversight Board ("IOB"). EFF submitted the first set of FOIA requests at issue in this case to the defendant agencies more than twenty months ago in February 2008, followed by additional requests in February 2009 and June 2009. Each defendant agency has failed to comply with the FOIA's mandated time limits for responding to a FOIA request. Defendants' failure to complete the processing of EFF's requests constitutes a continuing impediment to EFF's (and the public's) ability to examine defendant intelligence agencies' reporting to the primary oversight body within the Executive Branch. Several of the defendants now seek between two and four additional months to complete processing of the FOIA requests. For the reasons discussed below, this Court should grant EFF's motion for partial summary and order those defendants to complete the processing of EFF's requests by December 15, 2009.

#### A. EFF Is Entitled to Partial Summary Judgment Because Defendants Have Failed to Process EFF's Requests Within the Time Limits of the FOIA

Defendants mistakenly assert that the twenty-working-day limit imposed by the FOIA sets a cap only on an agency's threshold determination of whether to comply with a FOIA request. Def. Opp. at 13-14. The language of the FOIA cannot be stretched to cover the government's proposed reading. The statute provides that an agency shall "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor," 5 U.S.C. § 552(a)(6)(A)(i). Defendants assert that their responsibility ends there. However, the statute goes on to provide that "[u]pon any determination by an agency to comply with a request for records, the records shall be made *promptly* available to such person making such request." *Id*. at § 552(a)(6)(C)(i) (emphasis added), *see also Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 8 (D.D.C.

2007) ("defendant agencies were required to respond within twenty days to this FOIA request, [however] no responsive records were produced").

Defendants in essence argue that the FOIA sets a twenty-working-day time limit by which they must make a determination about whether to comply with a request, but provides no deadline whatsoever for the actual production of documents. This reading of the statute is clearly wrong. The FOIA requires an agency to produce documents "promptly" upon the determination to comply with a FOIA request, which must be made within 20 working days of the initial request. None of the defendants has complied with this requirement. Even assuming, *arguendo*, that the defendants' reading of the statute were correct, only one the defendant agencies has to date made any attempt to notify EFF of even its initial "determination and the reasons therefor."[1] Even under their incorrect interpretation of the law, the remaining defendants are in violation of the FOIA.

The government argues that because EFF did not request expedited processing in its requests, it is now barred from seeking an order compelling compliance with the law. Def. Opp. at 14. That result is inconsistent with the rights provided by the FOIA and the controlling case law. The FOIA provides that a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" and therefore may seek relief in the District Court once twenty working days have elapsed without a response from the agency in a standard case. 5 U.S.C. §§ 552(a)(6)(C)(i) & (a)(6)(A)(i); *see also Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995) ("Thus, a requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.").

The government argues that because EFF did not seek expedited processing of its FOIA requests, this Court may not order compliance with the FOIA's non-expedited processing time

---

[1] Defendant Department of Justice's component the Office of the Attorney General has notified EFF that it has completed its search in response to EFF's June 19, 2009 request and located no responsive records. Declaration of Melanie Ann Pustay ("Pustay Decl.") ¶ 22 (Dkt. No. 27-1). The processing of EFF's February 13, 2009 request to the Office of the Attorney General remains at issue for purposes of this motion.

Case No.  4:09-CV-03351-SBA                -3-
REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

limits.[2]  This argument fails.  "The FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enters., Inc. v. U.S.*, 837 F.2d 486, 494 (D.C. Cir. 1988) (holding that a court may grant equitable relief in FOIA cases) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)).  Defendants cite *CareToLive v. FDA* for the proposition that a requestor is barred from seeking an order compelling processing when the original request did not include a request for expedited processing under the FOIA.  No. 08-005, 2008 U.S. Dist. LEXIS 41393, 2008 WL 2201973 (S.D. Ohio May 22, 2008).  However, the court in *CareToLive* held only that the requestor had "failed to exhaust administrative remedies with respect to expedited processing" sought after filing suit, and declined to review the belated request for expedition under those circumstances.  2008 WL 2201973, at *8.  Unlike the requestor in *CareToLive*, EFF does not belatedly seek expedited processing under the FOIA.  Rather, EFF seeks an order requiring the defendant agencies to comply with the FOIA's *standard*, non-expedited processing requirements. Nothing in the statute or case precedent suggests that EFF cannot move for—or that the Court cannot issue—an order forcing the defendants to comply with the FOIA's statutory deadlines.

**B.     Defendants Are Not Entitled to Additional Time to Complete Processing**

The FOIA provides that when "the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," a court may stay an action and allow the agency additional time to complete processing.  5 U.S.C. § 552(a)(6)(C)(i).

---

[2]  This position is particularly concerning because the government has argued—unsuccessfully—in past cases that a grant of "expedited processing" does not require an agency to process a FOIA request within any particular timeframe, but "as soon as practicable," a period that the agency may determine in its sole discretion. *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 37 (D.D.C. 2006); *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, No. 07-5278 SI, 2007 U.S. Dist. LEXIS 89585, at **13-17, 2007 WL 4208311, at **5-6 (N.D. Cal. Nov. 27, 2007).  Under the government's interpretation of the law, then, the FOIA imposes no binding deadlines on an agency, regardless of whether a request is standard or expedited.  If the government's "heads I win, tails you lose" argument is correct, it makes no difference whether a FOIA requestor asks for expedited processing or not; either way, the government would have "unchecked power to drag its feet and pay lip service to a requester's statutory and regulatory entitlement" to have FOIA requests processed in a timely manner. *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 37 (internal quotation marks omitted); *Elec. Frontier Found.*, 2007 WL 4208311, at **5-6.  Importantly, the courts rejected the government's expedited processing argument in both cited cases.

The leading case defining these "exceptional circumstances" is *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) (adopted by the Ninth Circuit in *Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976)). According to *Open America*, "exceptional circumstances" exist when the agency meets a three-part test: "when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." *Open America*, 547 F.2d at 616; *see also Gilmore v. U.S. Dep't of Energy*, 4 F. Supp. 2d 912, 925 (N.D. Cal. 1998); *Exner*, 542 F.2d at 1122. However, the FOIA clearly states that "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). With the exception of the Federal Bureau of Investigation, the agencies against whom EFF seeks partial summary judgment have neither moved for an *Open America* stay nor attempted to make an *Open America* showing in response to EFF's motion for partial summary judgment, and have thus failed to carry their burden of demonstrating a need for additional time. This Court should consider the remaining defendants' decision not to seek an *Open America* stay when deciding whether to grant them what amounts to exactly such a stay.

Nearly two years after EFF's February 2008 requests, the defendant agencies against whom EFF has moved now ask for between two and four additional months to complete a task for which the law allows twenty working days. *See Fiduccia v. U.S. Dept. of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999) ("Congress gave agencies 20 *days,* not years, to decide whether to comply with requests and notify the requesters, and authorized agencies to give themselves extensions for 10 *days* for 'unusual circumstances.'") (emphasis in original). While the time limits of the FOIA are certainly short, "Congress wrote a tough statute on agency delay in FOIA compliance." *Id*.

Defendant Department of Justice's component Office of the Attorney General requests until January 15, 2010 to complete the processing of EFF's February 13, 2009 FOIA request. Def. Opp. at 4. The Office of the Attorney General does not argue that exceptional circumstances contributed

to the delay in processing. It does not argue that it has been deluged with a volume of requests for information vastly in excess of that anticipated by Congress, or that the existing resources are inadequate to deal with the volume of such requests within the time limits of the FOIA. *See Open America*, 547 F.2d at 616. Indeed, the Department of Justice's Office of Information Privacy, the office in charge of processing EFF's FOIA request, indicates that it did not even begin searching for responsive records in the Office of the Deputy Attorney General until August 24, 2009, two months after EFF filed this lawsuit. Declaration of Melanie Ann Pustay at ¶ 10, Def. Opp. Ex. 1. This delay is unjustifiable, especially viewed against the short time (averaging nineteen days[3]) that the Office of Information Privacy takes on average to process other standard, non-expedited FOIA requests.

Defendant Department of Defense and its component Defense Intelligence Agency both request until February 2, 2010 to complete processing EFF's FOIA requests. Def. Opp. at 4-6. The Department of Defense argues that sixty-four pending FOIA lawsuits and the corresponding draw on its resources combined with the other pending requests have caused it to miss the deadlines imposed by the FOIA. Def. Opp. at 4. The Defense Intelligence Agency points to a backlog of 2,863 requests ahead of EFF's requests as a reason why its compliance will be so significantly tardy. However, routine litigation loads and reasonably anticipated request backlogs cannot form the basis for "exceptional circumstances" under *Open America*. *Government Accountability Project v. Department of Health and Human Services*, 568 F. Supp. 2d 55, 61-62, 63 (D.D.C. 2008). The Department of Defense has not argued that it qualifies for an *Open America* stay, nor could it carry its burden to make the requisite showing under *Open America*.

The remaining three defendants—the National Security Agency, Central Intelligence Agency and Office of the Director of National Intelligence—request that this Court allow them until March 31, 2010 to complete the processing of EFF's FOIA requests, but none has moved for an *Open America* stay. Therefore this Court should refuse these defendants' requests for additional time, requests that are not authorized by the FOIA.

---

[3] Department of Justice, *Freedom of Information Act Annual Report: Fiscal Year 2008*, http://www.justice.gov/oip/annual_report/2008/foiapg7.pdf.

The National Security Agency "currently receives more requests each year than it is able to fully process, and accordingly has a backlog of requests." *Id*. These circumstances cannot be exceptional because they apply to every request the agency processes. Furthermore, the National Security Agency has assigned EFF's FOIA requests to its "easy" queue. Declaration of Diane M. Janosek in Support of Defendant's Opposition ¶ 23 (Dkt. No. 27-1). The average number of days that it took to process simple FOIA requests in Fiscal Year 2008 was 78 days.[4] The National Security Agency points to the complexity of its regularly kept records, the specialized nature of its often classified work and the extreme care it must take in reviewing responsive records before releasing them pursuant to the FOIA as the reasons for its delay in responding to EFF's FOIA requests. Def. Opp. at 7. *See Elec. Frontier Found*., 2007 WL 4208311, at *6 (finding no exceptional circumstances where the agency's justifications for delay are "generically applicable to all FOIA requests that would be received" by the agency). The FOIA specifically provides that an agency may not invoke exceptional circumstances and request additional time to process a request "unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). The agency has not done so here. The National Security Agency's backlog of FOIA requests at the end of Fiscal Year 2009 was 368 cases. Def. Opp. at 7. Although the agency baldly claims it is "diligently making efforts to reduce its backlog," it has not argued that it is entitled to a stay under *Open America*. *See* Def. Opp. at 7. Indeed, the government has not asserted that the delay in processing EFF's requests has resulted from anything other than a predictable agency workload of requests.

The Central Intelligence Agency similarly points to the "substantial demands that litigation has placed on its FOIA officers," its backlog of 700 open FOIA requests and to the complexity of processing as reasons why it must have until "at least" four additional months to complete processing EFF's FOIA requests. Def. Opp. at 10-11. The average time that the Central Intelligence Agency takes to complete processing of what it considers to be complex FOIA

---

[4] Department of Defense, *Freedom of Information Act Annual Report for Fiscal Year 2008*, http://www.dod.mil/pubs/foi/docs/FY2008report.pdf.

requests is 179 days.[5]  Besides the two months that the Central Intelligence Agency asserts that it will need to coordinate with other government agencies, it does not attempt to demonstrate exceptional circumstances as defined by *Open America*.  Def. Opp. at 10.

Finally, the Office of the Director of National Intelligence notes that it has completed its search for records responsive to EFF's February 25, 2008 request and that it will complete its search pursuant to the June 19, 2009 request "within two weeks." Def. Opp. at 11.  The Office of the Director of National Intelligence took, on average, 106 days to process FOIA requests last year.[6]  Besides pointing to "the sensitive nature of classified information" and the need to engage in a thorough review, both of which are standard aspects of the agency's FOIA processing, *see Elec. Frontier Found.*, 2007 WL 4208311, at **5-6, the Office of the Director of National Intelligence has not attempted to justify its delay in processing EFF's FOIA requests.  Def. Opp. at 12.  Where an agency has not faced exceptional circumstances, the FOIA does not permit it time beyond the statutory twenty-working-day period to respond to a FOIA request.  5 U.S.C. § 552(a)(6)(C).  Therefore, the agencies' requests for additional time must fail.

**C.   This Court Should Order Defendants to Complete Processing of EFF's FOIA Requests by December 15, 2009**

Because the defendants against whom EFF has moved have failed to make a showing under *Open America*, and defendants provide no other authority in support of their argument, this Court should decline to grant them a stay and order them to promptly complete processing of EFF's FOIA requests.[7]  The rights provided by the FOIA are highly time-sensitive. Congress recognized that "excessive delay by the agency in its response is often tantamount to denial." H.R. REP. NO. 93-876, at 4 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6267, 6271.  Because "stale information is

---

[5] Central Intelligence Agency, *Freedom of Information Act Annual Report: Fiscal Year 2008*, http://www.foia.cia.gov/txt/annual_report_2008.pdf.

[6] Office of the Director of National Intelligence, *Freedom of Information Act Annual Report: Fiscal Year 2008*, http://www.dni.gov/FY08_Annual_Report.pdf.

[7] As noted above, defendant Department of Justice's component the Federal Bureau of Investigation has in fact separately moved for an *Open America* stay.  (Dkt. No. 26.)

of little value," EFF's rights are diminished each day defendants continue to delay their compliance with the law. *See Payne Enters*, 837 F.2d at 494.[8]

The approach that EFF suggests is not unusual. Courts regularly impose specific processing deadlines on agencies, requiring the prompt delivery of non-exempt records to FOIA requesters. For example, in *Judicial Watch, Inc. v. Department of Energy*, 191 F. Supp. 2d 138 (D.D.C. 2002), the court ordered the Commerce Department and the Transportation Department to process, respectively, 9,000 and 6,000 pages of material; to complete the processing within sixty days; and to provide the requester with a *Vaughn* index within seventy-two days. *Id*. at 141. It is worth noting that the requesters of the FOIA requests at issue in that case did *not* claim to be entitled to expedited processing.

Similarly, in *Natural Resources Defense Council v. Department of Energy* ("*NRDC*"), the court ordered the Energy Department to process 7,500 pages of material; to complete the processing of the "vast majority" of the material within thirty-two days; to complete all processing within forty-eight days; and to provide the requester with a *Vaughn* index within sixty-three days. 191 F. Supp. 2d 41, 43-44 (D.D.C. 2002). Again, the FOIA request in *NRDC* had *not* been granted expedited treatment.

In *Electronic Frontier Foundation v. Department of Justice*, the FBI sought a twenty-seven month stay to process 20,000 pages potentially responsive to EFF's FOIA request. 517 F. Supp. 2d 111, 113 (D.D.C. 2007). The court, despite finding that "exceptional circumstances" in fact existed, ordered the FBI to complete processing of EFF's non-expedited FOIA request within a year and to make interim releases of documents every four weeks until then. *Id*. at 121.

---

[8] The importance to EFF and the public of promptly obtaining the documents that are the subject of EFF's FOIA requests was highlighted last month by President Obama when he signed an order amending Executive Order 13462 which governs the Intelligence Oversight Board. Executive Order to Amend Executive Order 13462 (Oct. 29, 2009) (*available at* http://www.whitehouse.gov/the-press-office/president-obama-signs-executive-order-amend-executive-order-13462). That order significantly strengthens the role of the IOB. Bringing the documents describing the activities of the IOB to light now will contribute significantly to the ongoing public discourse surrounding President Obama's October 29, 2009 Executive Order.

Finally, in *Government Accountability Project*, the court denied the defendant's request for a stay under *Open America,* ordered the agency to process the plaintiff's request and begin rolling releases of documents within one month. 568 F. Supp. 2d at 56.  The defendant had moved for a stay of over a year in order to complete processing, and plaintiffs moved for judgment on the pleadings.  In denying the government's motion for a stay and granting judgment on the pleadings on the issue of timing for the plaintiff, Judge Kollar-Kotelly held that the twenty-working-day limit of the FOIA sets the time for the production of "documents responsive to [the] FOIA request." *Id*. at 58.  Once again, the FOIA request at issue did not include a request for expedited processing.

## IV.   CONCLUSION

For the foregoing reasons, EFF's motion for partial summary judgment should be granted.

Dated this 4th day of November, 2009.              Respectfully submitted,

  */s/ Nathan D. Cardozo*
ELECTRONIC FRONTIER FOUNDATION
Nathan D. Cardozo, Esq. (259097)
Marcia Hofmann, Esq. (250087)
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

David L. Sobel (*pro hac vice*)
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

Attorneys for Plaintiff