Nathan D. Cardozo, State Bar No. 259097
nate@eff.org
Marcia Hofmann, State Bar No. 250087
marcia@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

David L. Sobel (*pro hac vice*)
sobel@eff.org
ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Ave. NW
Suite 650
Washington, DC  20009
Telephone:   (202) 797-9009 x104
Facsimile:   (202) 707-9066

Attorneys for Plaintiff
Electronic Frontier Foundation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al.*,<br><br>Defendants. | Case No.  4:09-CV-03351-SBA<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS WITH RESPECT TO FBI<br><br>Date:        December 1, 2009<br>Time:        1:00 p.m.<br>Courtroom:  1, 4th Floor |

1
2

## <u>TABLE OF CONTENTS</u>

3  TABLE OF AUTHORITIES......................................................................................................ii

4  SUMMARY OF ARGUMENT...............................................................................................iii

5  MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

6  I.    INTRODUCTION ......................................................................................................... 1

7  II.   STATEMENT OF FACTS ............................................................................................ 1

8  III.   ARGUMENT ................................................................................................................ 2

9      A. The FBI Has Failed to Show that it Should Be Permitted More Than Four Additional
          Years to Process EFF's FOIA Requests ............................................................................ 2

10
11       1.   The FBI Has Failed to Demonstrate that Exceptional Circumstances Exist to Justify a
             Stay ............................................................................................................................... 3

12       2.   The FBI Has Not Exercised "Due Diligence" in its Processing of EFF's FOIA
             Requests ....................................................................................................................... 7

13
       B. The FBI is Not Entitled to Additional Time to Complete Processing ................................ 9

14
15 IV.   CONCLUSION............................................................................................................ 11

16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS WITH RESPECT TO FBI

# TABLE OF AUTHORITIES

**Cases**

*Elec. Frontier Found. v. Dep't of Justice*, 517 F. Supp. 2d 111 (D.D.C. 2007) ......................passim

*Elec. Frontier Found. v. Dep't of Justice*, 563 F. Supp. 2d 188, 196 (D.D.C. 2008)....................... 8

*Elec. Privacy Info. Ctr v. Dep't of Justice*, Civ. No. 05-845, 2005 U.S. Dist. LEXIS 40318 (D.D.C. Nov. 16, 2006) ................................................................................................................................. 8

*Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976)..................................... 4

*Fiduccia v. Dep't of Justice*, 185 F.3d 1035 (9th Cir. 1999) ......................................................... 3

*Gilmore v. Dep't of Energy*, 4 F. Supp. 2d 912 (N.D. Cal. 1998)................................................... 4

*Government Accountability Project v. Dep't of Health and Human Servs.*, 568 F. Supp. 2d 55 (D.D.C. 2008)............................................................................................................................ 6, 10

*Judicial Watch, Inc. v. Dep't of Energy*, 191 F. Supp. 2d 138 (D.D.C. 2002)........................... 9, 10

*Judicial Watch, Inc. v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7 (D.D.C. 2007) ....................... 3

*Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246 (D.D.C. 2005)............... 6

*Natural Res. Defense Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43-44 (D.D.C. 2002)........ 10

*Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990)...................................................... 7, 8

*Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).........passim

*Payne Enters., Inc. v. U.S.*, 837 F.2d 486 (D.C. Cir. 1988) ........................................................... 9

**Statutes**

5 U.S.C. § 552(a)(6)(C)(i)............................................................................................................ 3, 4

5 U.S.C. § 552(a)(6)(A)(i)................................................................................................................ 2

5 U.S.C. § 552(a)(6)(C)(ii).......................................................................................................... 4, 8

H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 11 (1974) ............................................................ 7

H.R. Rep. No. 93-876 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6267, 6271 ............................. 9

**Other Authorities**

Executive Order to Amend Executive Order 13462 (Oct. 29, 2009) (*available at* http://www.whitehouse.gov/the-press-office/president-obama-signs-executive-order-amend-executive-order-13462)............................................................................................................... 9

Memorandum for Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009) ............................................................................................................................................. 5

# SUMMARY OF ARGUMENT

Defendants have moved for a stay, asking the Court to allow the Federal Bureau of Investigation ("FBI") as long as four and a half years to respond to plaintiff Electronic Frontier Foundation's ("EFF") Freedom of Information Act ("FOIA") requests.  However, the government has failed to make the showing required for this Court to grant the requested stay.

The FOIA gives agencies twenty working days to respond to a request for records.  Under the statute, a court may grant an agency a stay to allow it to complete processing when an agency demonstrates "exceptional circumstances" exist to justify such relief.  A court may find exceptional circumstances and grant a stay only when an agency meets each prong of a three-part test under *Open America v. Watergate Special Prosecution Force*: (1) the volume of requests must be vastly in excess of that anticipated by Congress, (2) the existing resources must be inadequate to deal with the volume of such requests, (3) and the agency must show that it "is exercising due diligence" in processing the requests.

The FBI has failed to satisfy any of the *Open America* prongs.  As such, the Court should deny defendants' motion for a four-and-a-half year stay with respect to the FBI and order it to complete the processing of EFF's FOIA requests by December 15, 2009.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3        Defendants have moved for entry of an order to stay the processing of Freedom of

4  Information Act ("FOIA") requests submitted by plaintiff Electronic Frontier Foundation ("EFF")

5  on February 25, 2008 and June 19, 2009 to defendant Department of Justice's component, the

6  Federal Bureau of Investigation ("FBI").  The requests seek records related to the FBI's reports to

7  the Intelligence Oversight Board.  Defendants do not dispute that EFF's requests are legally

8  entitled to processing under the FOIA and the agency's regulations.  Now, however, more than two

9  years after EFF submitted the first request, the FBI not only has failed to complete its processing,

10 but asks that it be permitted an additional four and half years to do so.

11       The FBI has failed to make the showing necessary for the Court to permit it such an

12 exceptional amount of time to process EFF's FOIA requests.  Therefore, the Court should deny the

13 defendants' motion, and order the FBI to complete the processing of EFF's requests by December

14 15, 2009.  Should the Court grant the FBI a longer period of time to process EFF's requests, EFF

15 respectfully asks that the Court order the FBI to make interim releases of material responsive to

16 EFF's request every four weeks, and submit periodic reports to the Court on the Bureau's progress

17 toward completion of the processing of EFF's FOIA requests.

18

**II.    STATEMENT OF FACTS**

19       This case arises from the defendants' handling of twenty-one FOIA requests submitted by

20 plaintiff seeking disclosure of agency records relating to intelligence agencies' reports to the

21 Intelligence Oversight Board ("IOB"), an Executive Branch body that oversees intelligence

22 matters.  EFF has moved for partial summary judgment on the issue of timing against some of the

23 defendants, including the defendant Department of Justice's component, the FBI.

24       EFF sent two FOIA requests to the FBI that are at issue in this lawsuit.  By letter sent to the

25 FBI via facsimile on February 25, 2008, EFF sought disclosure of all reports submitted by the FBI

26 to the IOB pursuant to the applicable Executive Order from January 1, 2001 through February 25,

27 2008.  Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 13) ("Plaintiff's MPSJ") at 3.

28

By letter sent to the FBI via facsimile on June 19, 2009, EFF requested disclosure of records maintained by the FBI in connection with the reports submitted to the IOB and the Director of National Intelligence pursuant to the applicable Executive Orders from February 25, 2008 through June 19, 2009.  Plaintiff's MPSJ at 5.  The FBI represents that it has completed its searches for records responsive to both requests, but has released no documents to EFF.  Defendants' Motion for a Stay with Respect to FBI (Dkt. No. 26) ("Mot. for Stay") at 8.

On September 28, 2009, EFF moved for partial summary judgment against some of the defendants in this case, including the Department of Justice.  EFF seeks an order requiring defendants to complete the processing of EFF's FOIA requests by December 15, 2009.  Proposed Order Granting Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 13-1).  The government has now moved for a stay to allow the FBI until May 6, 2014, and May 4, 2013 to complete processing of EFF's February 25, 2008 and June 19, 2009 FOIA requests, respectively.  Mot. for Stay at 8.

## III.    ARGUMENT

EFF is seeking records about the FBI's reports of its own possibly unlawful activities to the IOB, the primary oversight body within the Executive Branch.  The FBI has failed to comply with the FOIA's mandated time limits for the production of documents and now asks the Court to allow it until 2014 to complete the processing of EFF's FOIA requests.  EFF submitted the first request at issue in this case to the FBI more than twenty months ago in February 2008, followed by an additional request in June 2009.  The FBI's failure to complete the processing of EFF's requests promptly frustrates the purposes of the FOIA and cannot be supported by the law.  For the reasons discussed below, the Court should deny defendants' motion for a stay with respect to the FBI and order the Bureau to complete the processing of EFF's requests by December 15, 2009.

### A.    The FBI Has Failed to Show that it Should Be Permitted More Than Four Additional Years to Process EFF's FOIA Requests

The FOIA provides that an agency shall "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor," 5 U.S.C. § 552(a)(6)(A)(i).

Case No.  4:09-CV-03351-SBA                        -2-

The statute further provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made *promptly* available to such person making such request." *Id.* at § 552(a)(6)(C)(i) (emphasis added), *see also Judicial Watch, Inc. v. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 8 (D.D.C. 2007) ("defendant agencies were required to respond within twenty days to this FOIA request, [however] no responsive records were produced"). To allow the FBI more than four years to complete processing EFF's requests would render meaningless the FOIA's requirement that "records shall be made *promptly* available." *See id.*

While the FOIA does provide a safety valve to allow courts to grant agencies additional time in non-routine cases, the FBI has not made a showing sufficient to avail itself of that relief. Only when "the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," may a court stay an action and allow the agency additional time to complete processing. 5 U.S.C. § 552(a)(6)(C)(i) (the "exceptional circumstances-due diligence" standard). However, the government has failed to show that exceptional circumstances exist in this case to justify the stay that it seeks.

Nearly two years after EFF's February 2008 requests, defendants now ask that the FBI be allowed more than four additional years to complete a task for which the law allows twenty working days. *See Fiduccia v. Dept. of Justice*, 185 F.3d 1035, 1041 (9th Cir. 1999) ("Congress gave agencies 20 *days,* not years, to decide whether to comply with requests and notify the requesters, and authorized agencies to give themselves extensions for 10 *days* for 'unusual circumstances.'") (emphasis in original). The time limits of the FOIA are short; indeed, the Ninth Circuit has emphasized that "Congress wrote a tough statute on agency delay in FOIA compliance." *Id.*

> 1.   The FBI Has Failed to Demonstrate that Exceptional Circumstances Exist to Justify a Stay

"The FBI acknowledges that it is asking the court for a lengthy stay" of proceedings in which to process EFF's requests, Mot. for Stay at 1, and maintains that it is entitled to more than four additional years pursuant to the FOIA and applicable case law. The legal standard the FBI must satisfy to demonstrate an entitlement to a stay is well established. The "exceptional

1   circumstances-due diligence" standard derives from two sources: the FOIA itself, 5 U.S.C.

2   § 552(a)(6)(C)(i)-(iii), and the leading case defining these "exceptional circumstances," *Open*

3   *America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976) (adopted by the

4   Ninth Circuit in *Exner v. Federal Bureau of Investigation*, 542 F.2d 1121 (9th Cir. 1976)).   As the

5   court held in *Open America*, "exceptional circumstances" exist only when the agency satisfies each

6   element of a three-part test: "when an agency . . . is deluged with a volume of requests for

7   information vastly in excess of that anticipated by Congress, when the existing resources are

8   inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and

9   when the agency can show that it 'is exercising due diligence' in processing the requests." *Open*

10  *America*, 547 F.2d at 616; *see also Gilmore v. Dep't of Energy*, 4 F. Supp. 2d 912, 925 (N.D. Cal.

11  1998); *Exner*, 542 F.2d at 1122.   The FOIA explicitly provides that "the term 'exceptional

12  circumstances' does not include a delay that results from a predictable agency workload of requests

13  under this section, unless the agency demonstrates reasonable progress in reducing its backlog of

14  pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).   The FBI clearly cannot meet that standard here.

15       In support of its motion, the Bureau has submitted the declaration of David M. Hardy,

16  Section Chief of the Record/Information Dissemination Section, Records Management Division of

17  the FBI ("Hardy Decl.") (Dkt. No. 26-1).   The FBI claims that four circumstances prevent it from

18  processing EFF's FOIA requests within the strict time limit prescribed by the law: the volume of

19  FOIA requests received, a recent change in the agency's FOIA policy, the 2006 relocation of the

20  FBI's records unit, and the load of pending litigation and administrative appeals.   Hardy Decl. at ¶¶

21  25-42.   These factors do not constitute "exceptional circumstances."

22       First, the FBI points to its historical backlog and an increase in FOIA requests that occurred

23  during 2006 as reasons why it is overwhelmed and unable to comply with the timing requirements

24  of the FOIA.   Hardy Decl. at ¶¶ 25-27.   However, the FBI makes no argument that this increase is

25  "vastly in excess of that anticipated by Congress."   *Open America*, 547 F.2d at 616.   The FBI's

26  argument that the a 2006 increase in FOIA requests allows it to satisfy the first prong of *Open*

27  *America* is undermined by the fact that Congress last amended the FOIA after the increase cited by

28

the FBI in this case.  The OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 (2007).)  In fact, the FBI's argument on this point is neither new nor specific to the requests at issue in this case.  *See Elec. Frontier Found. v. Dep't of Justice*, 517 F. Supp. 2d 111, 115 (D.D.C. 2007) ("DOJ specifically claims that it is prevented from processing EFF's request more quickly because the FBI experienced a significant increase in FOIA requests in 2006." (citing a prior declaration of Mr. Hardy)).  While the court in *Electronic Frontier Foundation* found in 2007 that an increase in FOIA requests in 2006 weighed in favor of finding exceptional circumstances, that three-year-old increase is now clearly the rule rather than the exception.  Because it has not shown that its backlog is unanticipated, the FBI has not met its burden under the first prong of *Open America*.

Next, the FBI asserts a 2009 change in Department of Justice FOIA policy has contributed to the Bureau's delay.  Hardy Decl. at ¶ 28.  This argument goes to the second prong of the *Open America* test, that existing resources are inadequate.  In response to guidelines issued by the Attorney General on March 19, 2009, the FBI now performs searches in response to FOIA requests in the office most likely to actually contain the requested records, which the FBI contends has significantly increased FOIA processing times.  *Id*.  On his first full day in office, President Obama issued a Memorandum for Heads of Executive Departments and Agencies, 74 Fed. Reg. 4683 (Jan. 21, 2009).  The memorandum provides that "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government.  The presumption of disclosure should be applied to all decisions involving FOIA."  *Id*.  The guidelines cited by the government were promulgated as part of this renewed commitment.  Remarkably, the FBI now argues in essence that the Obama Administration's new policy of openness and transparency requires that the agency take four and a half additional years to respond to EFF's FOIA requests.  In any event, the FBI concedes that it has completed the search for records responsive to EFF's requests.  Hardy Decl. at ¶ 18.  The Bureau offers no reason why review and release of responsive records should be delayed so substantially by this new open government policy.

1    Third, the FBI argues that a 2006 move of the Record/Information Dissemination Section

2    ("RIDS") from the District of Columbia to Frederick County, Virginia is contributing to the

3    exceptional circumstances justifying the tardiness of its response.  Hardy Decl. at ¶ 33-34.  This

4    argument also goes to the second prong of the *Open America* test.  The FBI has been making this

5    argument to justify stays in FOIA cases for almost three years.  *See Elec. Frontier Found.*, 517 F.

6    Supp. 2d at 119 ("Mr. Hardy's [February 9, 2007] Declaration establishes that this increase has

7    been coupled with a significant and unexpected decrease in the staff available to process those

8    requests, as a result of the relocation of certain RIDS sections to interim locations in Frederick

9    County, Virginia.").  Unless the circumstances contributing to a backlog are *unanticipated*, an

10   agency is not entitled to an *Open America* stay, even when it confronts a staffing crisis in the face

11   of a heavy litigation caseload and a backlog of pending requests.  *See Leadership Conference on*

12   *Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 (D.D.C. 2005) ("[T]he Court will not get

13   involved in defendants' personnel and project management difficulties. Therefore, defendants have

14   shown the existence of a *predictable* backlog of FOIA request") (emphasis added).  Circumstances

15   that may have justified a stay three years ago when they first occurred cannot do so indefinitely

16   without reading the word "exceptional" out of the FOIA.  Indeed, by making the same argument

17   repeatedly over time, the FBI has shown that these circumstances have become routine and can no

18   longer support a request for an *Open America* stay.

19   Finally, the FBI claims that its FOIA litigation caseload and a high volume of

20   administrative appeals contribute to the extraordinary circumstances that justify its request for a

21   four-and-a-half year stay.  Hardy Decl. at ¶¶ 35-42.  However, routine demands of litigation are not

22   "exceptional circumstances" under *Open America*.  *Government Accountability Project v.*

23   *Department of Health and Human Services*, 568 F. Supp. 2d 55, 61-62 (D.D.C. 2008) (holding that

24   defendant agencies failed to show that litigation and congressional requests for documents

25   constituted extraordinary circumstances rather than predictable agency workload).  Of the five

26   ongoing actions cited by the FBI as contributing to its litigation caseload, one will be complete

27   before the Court hears argument on this motion and one is currently inactive.  Hardy Decl. at ¶¶ 35-

28

40.     Furthermore, the FBI has made no attempt to show that the remaining litigation or administrative appeals are anything but routine.  Defendants have not even claimed that the cited workload represents an increase.  Without such a showing, the FBI cannot carry its burden to show "exceptional circumstances."  *See Elec. Frontier Found.*, 517 F. Supp. 2d at 118 ("DOJ also acknowledges, however, that 'this number does not represent an increase.' DOJ therefore has not shown that the number of administrative appeals facing the FBI is anything other than a predictable and regular contributor to its backlog of FOIA requests.") (internal citations omitted).

Therefore, regardless of how difficult or time-consuming the processing of EFF's FOIA requests may be when facing a large FOIA request backlog, litigation deadlines and personnel difficulties, the FBI has failed to demonstrate "exceptional circumstances" of the kind that are sufficient to satisfy the first two prongs of the well-established *Open America* standard.

2.     The FBI Has Not Exercised "Due Diligence" in its Processing of EFF's FOIA Requests

The FBI has also failed to satisfy the third, "due diligence" prong of the *Open America* standard.  Courts have recognized that the FOIA's legislative history requires an agency to have exercised "due diligence" from the outset in order to qualify for the kind of relief the FBI seeks here.  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 n.3 (D.C. Cir. 1990) ("The court [has] authority to allow the agency additional time to examine requested records in exceptional circumstances where the agency was exercising due diligence in responding to the request and had been since the request was received.") (quoting H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 11 (1974)) (emphasis added).  The record clearly establishes that the FBI has not even approached the requisite showing in its handling of plaintiff's request to date.  EFF's first request was submitted to the FBI on February 25, 2008.  Since then, the FBI has located more than 81,000 "potentially responsive documents," Hardy Decl. ¶ 18, but does not plan to begin reviewing the documents until 2011.  Hardy Decl. ¶¶ 19-20.

As an initial matter, counsel's prior dealings with the FBI in FOIA matters have consistently shown that an uncertain estimate of "potentially responsive" pages is likely to change drastically once responsive material is actually reviewed.  For example, in *Electronic Privacy*

1   *Information Center v. Department of Justice*, Civ. No. 05-845, 2005 U.S. Dist. LEXIS 40318

2   (D.D.C. Nov. 16, 2006) (attached hereto as Exhibit 1), the FBI initially estimated that 130,000

3   pages of document were potentially responsive to the plaintiff's request for records concerning the

4   renewal of the USA PATRIOT Act. Hardy Decl. ¶ 20 (filed June 29, 2005) (attached hereto as

5   Exhibit 2). The estimate was uncertain because in that case the FBI had not yet located or

6   reviewed all potentially responsive documents to determine whether they were in fact responsive to

7   the plaintiff's request. *Id.* Ultimately, the FBI determined that only 18,000 pages actually fell

8   within the scope of the plaintiff's request — just 14% of the originally estimated universe of

9   documents. Def.'s Response to Pl.'s Notice of Filing at 1 (filed Nov. 14, 2005) (attached hereto as

10  Exhibit 3). Similarly, in another case captioned *Electronic Frontier Foundation v. Department of*

11  *Justice*, 878 of the initial estimate of 72,000 pages of "potentially responsive pages" were found by

12  the FBI to be responsive to EFF's FOIA request in that case. 563 F. Supp. 2d 188, 196 (D.D.C.

13  2008); Fifth Declaration of David M. Hardy ¶ 5 (attached hereto as Exhibit 4). Finally, *Electronic*

14  *Frontier Foundation*, 517 F. Supp. 2d 111, the FBI originally estimated that there were 20,000

15  pages "potentially responsive" to EFF's FOIA request when in fact there were only 7,935

16  responsive pages. Declaration of David M. Hardy ¶ 38 (attached hereto as Exhibit 5); Fifth

17  Declaration of David M. Hardy ¶ 7 (attached hereto as Exhibit 6). Thus, past litigation suggests

18  that the FBI's claimed number of "potentially responsive pages" is likely to be a significant

19  overestimate of the volume of material the FBI actually processes in this case.

20      Furthermore, the FBI readily admits that the median processing time for its backlog of

21  "large queue requests" has in fact increased by 22% since 2006. Hardy Decl. ¶ 27. Such an

22  increase cannot excuse "a delay that results from a predictable agency workload of requests

23  [without] demonstrat[ing] reasonable progress in reducing its backlog of pending requests." 5

24  U.S.C. § 552(a)(6)(C)(ii). It is thus clear that the FBI has, to date, failed to exercise "due

25  diligence" in its handling of material responsive to these FOIA requests. By no stretch of the

26  imagination can the FBI's response be deemed diligent "since the request was received," *Oglesby*,

27  920 F.2d at 62 n.3, where it has taken more than twenty months to merely collect documents that

28

1   *may* be responsive to EFF's requests.  Notwithstanding any representations that might be made in

2   the government's submissions, it is beyond dispute that the FBI has failed to meet its burden of

3   satisfying the "exceptional circumstances-due diligence" test.  Thus, because the FBI has failed to

4   satisfy even a single prong of the three-part *Open America* standard, the Court should not permit

5   the Bureau an additional four years to process EFF's requests, but should order the FBI to process

6   and release non-exempt material responsive to EFF's request by December 15, 2009.

7           **B.       The FBI is Not Entitled to Additional Time to Complete Processing**

8           Because the FBI has failed to make the requisite showing under the *Open America*

9   standard, the Court should decline to grant the Bureau a stay and order the agency to promptly

10  complete processing EFF's FOIA requests.  The rights provided by the FOIA are highly time-

11  sensitive.   Congress recognized that "excessive delay by the agency in its response is often

12  tantamount to denial."  H.R. Rep. No. 93-876, at 4 (1974), *as reprinted in* 1974 U.S.C.C.A.N.

13  6267, 6271.  Because "stale information is of little value," EFF's rights are diminished each day

14  the Bureau continues to delay its compliance with the law.  *See Payne Enters., Inc. v. U.S.*, 837

15  F.2d 486, 494 (D.C. Cir. 1988).  Furthermore, the importance to EFF and the public of promptly

16  obtaining the documents that are the subject of EFF's FOIA requests was highlighted just last

17  month by President Obama when he signed an order amending Executive Order 13462 which

18  governs the Intelligence Oversight Board.  Executive Order to Amend Executive Order 13462

19  (Oct. 29, 2009) (*available at* http://www.whitehouse.gov/the-press-office/president-obama-signs-

20  executive-order-amend-executive-order-13462).  That order considerably strengthens the role of

21  the IOB.  Bringing the documents describing the recent activities of the IOB to light now will

22  contribute significantly to the ongoing public discourse surrounding President Obama's October

23  29, 2009 Executive Order.

24          The approach that EFF suggests is not unusual.   Courts regularly impose specific

25  processing deadlines on agencies, requiring the prompt delivery of non-exempt records to FOIA

26  requesters.  For example, in *Judicial Watch, Inc. v. Department of Energy*, 191 F. Supp. 2d 138

27  (D.D.C. 2002) the court ordered the Commerce Department and the Transportation Department to

28

Case No.  4:09-CV-03351-SBA            -9-

process, respectively, 9,000 and 6,000 pages of material; to complete the processing within sixty days; and to provide the requester with a *Vaughn* index within seventy-two days.  *Id.* at 141.

Similarly, in *Natural Resources Defense Council v. Department of Energy*, the court ordered the Energy Department to process 7,500 pages of material; to complete the processing of the "vast majority" of the material within thirty-two days; to complete all processing within forty-eight days; and to provide the requester with a *Vaughn* index within sixty-three days.  191 F. Supp. 2d 41, 43-44 (D.D.C. 2002).  In *Electronic Frontier Foundation v. Department of Justice*, the FBI sought a twenty-seven month stay to process 20,000 pages potentially responsive to EFF's FOIA request.  517 F. Supp. 2d at 113.  The court, despite finding that "exceptional circumstances" in fact existed, ordered the FBI to complete processing of EFF's non-expedited FOIA request within a year and to make interim releases of documents every four weeks until then.  *Id.* at 121.

Finally, in *Government Accountability Project*, the court denied the defendant's request for a stay under *Open America,* ordered the agency to process the plaintiff's request and begin rolling releases of documents within one month. 568 F. Supp. 2d at 56.  The defendant had moved for a stay of over a year in order to complete processing.  In denying the government's motion for a stay and granting judgment on the pleadings on the issue of timing for the plaintiff, Judge Kollar-Kotelly held that the twenty-working-day limit of the FOIA sets the time for the production of "documents responsive to [the] FOIA request." *Id.* at 58.

1

**IV.     CONCLUSION**

2

For the foregoing reasons, the Court should deny defendants' motion for entry of an *Open*

3

*America* stay, and require the FBI to process EFF's FOIA requests by December 15, 2009.  Should

4

the Court grant the Bureau a longer period of time to process EFF's requests, plaintiff respectfully

5

asks that the Court order the FBI to make interim releases of documents responsive to EFF's

6

request every four weeks, and submit periodic reports to the Court on the FBI's progress toward

7

completing the processing of EFF's FOIA request.

8

Dated this 10th day of November, 2009.                    Respectfully submitted,

9

 /s/ Nathan D. Cardozo
ELECTRONIC FRONTIER FOUNDATION

10

Nathan D. Cardozo, Esq. (259097)
Marcia Hofmann, Esq. (250087)

11

454 Shotwell Street
San Francisco, CA  94110

12

Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993

13

14

David L. Sobel, Esq. (*pro hac vice*)
1875 Connecticut Ave. NW

15

Suite 650
Washington, DC  20009

16

Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

17

Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

Case No.  4:09-CV-03351-SBA                    -11-