1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, et al., <br><br> Defendants. | Case No:  C 09-03351 SBA <br><br> **ORDER DENYING MOTION FOR ENLARGEMENT OF PAGES** <br><br> Docket 64. |

On November 21, 2011, Defendants the Department of Homeland Security, the Department of Defense, the National Security Agency, the Department of Justice, and the Office of the Director of National Intelligence (collectively, "Defendants") filed a motion for summary judgment.  Dkt. 63.  On December 15, 2011, Plaintiff Electronic Frontier Foundation ("Plaintiff") filed an administrative motion under Civil Local Rule 7-11 for enlargement of pages, seeking permission to file briefs that exceed the applicable page limits under the local rules.  Dkt. 64.  Specifically, Plaintiff requests "an order for an enlargement of the page limit for (1) Plaintiff's combined Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment and (2) Defendants' combined Reply and Opposition to Plaintiff's Cross-Motion.  Plaintiff seeks an enlargement of both filings by 10 pages for a total of 35 pages."  Id.  According to Plaintiff, "[t]he additional pages beyond the 25-page limit are needed to fully brief this complex Freedom of Information Act ("FOIA") case, which involves four defendants, multiple

1    individual FOIA exemption claims, several hundred pages of Vaughn Indexes and

2    affidavits, and several thousand pages of produced documents." Id.

3          On December 21, 2011, Plaintiff filed a combined cross-motion for summary

4    judgment and memorandum in opposition to Defendants' motion for summary judgment,

5    which is approximately 35 pages in length. Dkt. 66.  On January 10, 2012, Defendants

6    filed a combined reply memorandum and memorandum in opposition to Plaintiff's cross-

7    motion for summary judgment, which is approximately 23 pages in length.  Dkt. 67.  Also

8    on January 10, 2012, Defendants, without leave of Court, filed a second combined reply

9    memorandum and memorandum in opposition to Plaintiff's cross-motion for summary

10   judgment, which is approximately 23 pages in length.  Dkt. 68.[1]

11         As an initial matter, Plaintiff's administrative motion is procedurally defective in

12   that it does not comply with Civil Local Rule 7-11(a), which provides that an order

13   concerning a miscellaneous administrative matter "must set forth specifically the action

14   requested and the reasons supporting the motion and must be accompanied by a proposed

15   order and by either a stipulation . . . or by a declaration that explains why a stipulation

16   could not be obtained."  Here, Plaintiff's motion is not accompanied by a stipulation or by a

17   declaration explaining why a stipulation could not be obtained.  While rule violations are

18   not condoned, because Defendants have not opposed the motion, the Court finds that denial

19   of the motion on this basis is inappropriate.  However, given that Defendants do not oppose

20   the motion, which the Court notes requests relief on behalf of Defendants, the parties

21   should have filed a stipulation.

22         As for the merits of the administrative motion, the Court finds that Plaintiff has

23   failed to demonstrate that briefs in excess of the page limits set forth in the local rules are

24   necessary. Civil Local Rule 7 governs the filing of motion papers in this Court.  Absent

25

26   _____

27         [1] The filing of this brief violates the local rules.  Civil Local Rule 7-3(d) precludes
     parties from submitting any memoranda or other papers to the Court in connection with a
     pending motion after the reply has been filed, except in two narrow circumstances, which

28   do not apply here.  Because Defendants neither sought nor obtained leave to file this brief,
     as required by Civil Local Rule 7-3(d), the brief is STRICKEN from the record.

leave of court, the maximum length of an opening brief is twenty-five pages and the maximum length of a reply brief is fifteen pages.  Civ. L.R. 7-4(b).  Here, Plaintiff did not articulate specific reasons why the parties cannot file briefs in compliance with the local rules.  For example, Plaintiff failed to sufficiently explain how this case is "complex" such that additional pages beyond the page limits set forth in Civil Local Rule 7-4(b) are needed to adequately brief the legal issues before the Court.  As such, the Court concludes that good cause does not exist to file oversized briefs.  The Court therefore strikes from the record the oversized briefs filed by the parties (Dkt. 66, 67).  See Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (holding that district court has discretion to disregard briefs filed in circumvention of page limits).  However, the Court will afford the parties the opportunity to file briefs that conform to the local rules.  The parties should endeavor to keep their briefs concise and to the point.  "[I]t is typically the shorter briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them."  In re M.S.V., Inc., 892 F.2d 5, 6 (1st Cir. 1989); see also Fleming v. County of Kane, State of Ill., 855 F.2d 496, 497 (7th Cir. 1988) ("Overly long briefs, however, may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.' ") (citation omitted).

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's administrative motion for enlargement of pages is DENIED.

2.    Plaintiff's cross-motion for summary judgment and memorandum in opposition to Defendants' motion for summary judgment (Dkt. 66), and Defendants' reply memorandum and memorandum in opposition to Plaintiff's cross-motion for summary judgment (Dkt. 67) are STRICKEN from the record.

3.    Defendants' reply memorandum and memorandum in opposition to Plaintiff's cross-motion for summary judgment (Dkt. 68) is also STRICKEN from the record.

4.    By no later than April 13, 2012, Plaintiff may refile its cross-motion for summary judgment and memorandum in opposition to Defendants' motion for summary

judgment, not to exceed twenty-five (25) pages in length.  By no later than April 27, 2012, Defendants may refile their reply memorandum and memorandum in opposition to Plaintiff's cross-motion for summary judgment, not to exceed fifteen (15) pages in length. Both parties are warned against using excessive footnotes as a means of circumventing the page limits specified in the local rules.  Upon the filing of Defendants' reply memorandum and memorandum in opposition to Plaintiff's cross-motion for summary judgment, the matter will be taken under submission without oral argument.  The parties shall not file any additional memoranda in support or in opposition to the cross-motions for summary judgment without prior Court approval.

     5.    This Order terminates Docket 64 and Docket 66.

    IT IS SO ORDERED.

Dated: 4/2/12

                                     SAUNDRA BROWN ARMSTRONG
                                     United States District Judge